MOZZI, Appellant, v. ADMINISTRATION RESTAURANT COMPANY et al., Respondents.

St. Louis Court of Appeals, November 13, 1906.

MASTER AND SERVANT: Wrongful Discharge: Weight of Evidence. In an action by an employee for damages caused by a wrongful discharge from employment before the expiration of his contract, the evidence is examined and held sufficient to support a finding by the trial court that the plaintiff was not discharged but quit the employment of his own accord.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

*X. P. Wilfley* and *J. S. McIntyre* for respondents.

(1) Where an employee voluntarily abandons his position, he cannot recover damages for violation of contract for an unexpired term. Earp v. Tyler, 73 Mo. 617; Hanel v. Freund, 17 Mo. App. 618; Banse v. Tate, 62 Mo. App. 154. (2) It is a question for the court sitting as a jury to decide from the evidence whether the action of plaintiff was a voluntary abandonment of his position with defendant. Cosgrove v. Leonard, 134 Mo. 419; Beaum v. Fryrear, 85 Mo. 151; Curis v. Nimmous, 92 Mo. App. 66.

BLAND, P. J.—About February 1, 1904, plaintiff made a contract with one A. E. Hoefler, whereby Hoefler employed the plaintiff as chef in the grounds of the Louisiana Purchase Exposition Company, plaintiff's services to commence February 1, 1904, and end November 30, 1904. Hoefler agreed to pay the plaintiff $200 per month for his services for the months of February, March and April and $275 per month for the remainder of the contract period. On March 19, 1904, the defendant, for value, undertook to carry out Hoefler's part of the contract, to which assumption plaintiff gave his assent, and thereafter served the defendant as chef until May 31st, when he alleges he was discharged without cause and to his damage in the sum of $800.

The answer denied that defendant discharged plaintiff and alleges that on the contrary, plaintiff quit the services of the defendant of his own volition.

Plaintiff's evidence is that Hoefler was general superintendent of the defendant company; that on the evening of May 31st, a meeting of the board of directors of the defendant took place; that Hoefler asked the plaintiff to remain at the restaurant until after the meeting; that he waited and after the meeting was over Hoefler came to him and handed him the money then due him as wages and said: "Here is your money. I think tomorrow morning when you come up you will find another crew of cooks and that Lee was going to be manager of the place;" that he did not go to the restaurant on the next morning or at any other time after this. His evidence further tends to show that at nine o'clock on the following morning, the defendant had a new set of cooks.

For the defendant, Hoefler, after testifying there was a meeting of the board of directors of the defendant company on May 31st, said:

"I have no recollection of paying Mozzi the check for $300, but I met the three named persons after a

meeting of the directors on that day. As well as I can remember the conversation was as follows: After a meeting of the board of directors, or about ten o'clock in the evening I went down stairs to the front veranda where Idler, Stecher and Mozzi sat. I said, 'Boys it's all off; I have been removed as manager and was told to discharge you three, but refuse. I am now telling you this unofficially as I am no longer the manager.' If they made any reply I do not now remember."

That he had no authority to discharge plaintiff; that all he knew about it was that Lee had been talking of making a change.

Lee, who was president of the defendant company, testified that Hoefler had tendered his resignation as vice-president and treasurer of the defendant company at the meeting of May 31st and it was accepted and that he (Lee) was then elected manager; that no resolution was passed discharging plaintiff; that plaintiff verbally gave him (Lee) his resignation to take effect on June 1st, about three days prior to the date of the meeting and that Hoefler was not told at the meeting to tell plaintiff anything; that the waiters did the cooking on June 1st and that he did not hire a chef to take plaintiff's place until the night of June 2d.

The issues were submitted to the court sitting as a jury who found for the defendant. Plaintiff's own evidence conclusively shows he was not discharged by the defendant or by anyone authorized to act for it. The judgment is therefore affirmed. *Goode* and *Nortoni, JJ.*, concur.